IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS R. VALLIES, individually and on behalf of all similarly situated vehicle buyers,<br><br>        Plaintiffs,<br><br>   vs.<br><br>SKY BANK, an Ohio bank, licensed to do business in the Commonwealth of Pennsylvania,<br><br>        Defendant. | 2:01cv1438<br>Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this 29th day of August, 2007, upon due consideration of defendant's motion for summary judgment and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, denied.

Defendant's contention that it may and in fact did fulfill its compliance obligations under the Truth in Lending Act ("TILA") by designating the dealership as its agent for all aspects of the underlying transaction that followed its approval of the loan application is unavailing. Defendant essentially asserts that the disclosure obligations the TILA places on a creditor may be deemed to be satisfied where 1) the creditor's agent acted in an undisclosed capacity and 2) failed to inform the consumer that the information being disclosed had to be considered as part of the other TILA disclosures that were prepared and identified by the creditor as TILA disclosures in order to understand the actual credit terms and contractual relationships being offered to the consumer. While it cannot be questioned that a creditor can act through an agent to achieve compliance with its TILA disclosure obligations, providing part of the necessary information through aspects of the transaction where the consumer is not informed that (A) the information is being supplied on behalf of the creditor and (B) it must be considered to make the other TILA disclosures provided by the creditor complete and accurate fails to rectify the violation highlighted by the United States Court of Appeals for the Third Circuit in Vallies v. Sky Bank, 432 F.3d 493 (3d Cir. 2006). Consequently, defendant's motion must be denied.

Defendant seeks to overcome the violation of TILA which the Third Circuit recognized as a product of the consumer failing to receive all of the required disclosures from a "single creditor" by proclaiming that the entity previously understood to be "a non-creditor third party" actually was defendant's undisclosed agent with regard to essential information defendant did not include in its calculation of the finance charge. In those disclosures that Vallies understood to be the TILA disclosures concerning the calculation of the finance charge, Vallies was not informed that the amount of the excluded fees and the debt cancellation coverage was voluntary. Id. at 493-94. Vallies did receive this information through other forms supplied by the insurance carrier providing the debt cancellation coverage. Id. at 494. The court specifically framed the issue as follows:

> More specifically, we address the question of whether a creditor violated the provisions of the TILA when it excluded certain debt cancellation fees from the calculation of the finance charge without disclosing the amount of the fees and that the debt cancellation coverage was voluntary, despite the fact that the disclosures were ultimately made by a non-creditor third party.

Id. at 493. It answered the question in the affirmative, holding "that under the relevant sections at issue, the TILA does not permit a creditor to delegate its disclosure responsibility but requires all pertinent disclosures to be made by a single creditor." Id. at 494.

The backdrop leading to the above ruling was succinctly summarized by the court:

> Vallies obtained a loan from Sky Bank to purchase a truck from Phil Fitts Ford. Fitts, a licensed motor vehicle dealer, arranged the loan between Sky Bank and Vallies. It is undisputed that the loan entered into between Vallies and Sky Bank financed, in part, a $395.00 charge for Guaranteed Auto Protection ("GAP"), a form of debt cancellation coverage, that was not incorporated into Sky Bank's calculation of the total finance charge. It is likewise undisputed that the agreement specifying the terms of the loan did not individually itemize the GAP premium but combined the premium with a fee for service contract itemized as "To National Auto." On the same day as he signed the loan agreement with Sky Bank, Vallies signed a separate form entitled "GAP Waiver Agreement" that contained the correct cost of the GAP premium and the required TILA disclosures concerning the exclusion of the GAP premium from finance charges. This separate GAP Waiver form was not incorporated into Sky Bank's loan and Sky Bank was not a party to the GAP Waiver agreement. Moreover, nothing contained in the agreement would suggest to Vallies that Fitts was acting on the bank's behalf in entering it. Instead, the agreement was signed only by Vallies and Fitts.

Id. at 494. This court had ruled that because Vallies had received all of the information as part of the total financial transaction, the "fact that disclosures were made on a DNA [third-party] form,

rather than on Sky Bank letterhead" was inconsequential. This ruling was based on the rationale that Vallies did receive all of the disclosure information and the applicable regulation permits the disclosures to be made together with or separately from other required disclosures. Id. at 494-95.

Sky Bank asserts that merely recognizing that Fitts was Sky Bank's agent for the purpose of providing Vallies with the GAP Waiver Agreement eliminates the violation which the Third Circuit was required to assume due to the applicable standard of review. It has submitted affidavits that purport to establish that Fitts was an agent for Sky Bank for all aspects of completing the loan on behalf of Sky Bank once it approved Vallies' loan application, which would by extension of logic include any required disclosures to make the transaction conform to applicable law. According to Sky Bank and Fitts, if Sky Bank would have requested any changes to the GAP Waiver form to comply with the TILA, Fitts would have recognized Sky Bank's authority to control the content of that form for that purpose and therefore Fitts acted as an agent of Sky Bank in completing that aspect of the transaction. And because there is no question that Vallies did ultimately receive all of the information required by the TILA (and Sky Bank can fulfill its disclosure obligations though an agent), the transgression perceived by the Third Circuit was only hypothetical and founded on factual assumptions that turned out not to be true.[1]

Both the purpose of TILA and the Third Circuit's decision compel the rejection of defendant's position. It is well settled that "Congress enacted TILA to ensure that consumers receive accurate information from creditors in a precise and uniform manner that allows them to compare the cost of credit." Williams v. Chartwell Fin. Sers., Ltd., 204 F.3d 748 (7th Cir. 2000). The provisions of the TILA are designed "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him

---

[1] Sky Bank was not present when Vallies bought the truck and completed all of the paperwork generated by the transaction. The Fitts employee who arranged the loan between Vallies and Sky Bank and completed the paperwork on behalf of all entities involved acted as Sky Bank's agent when it made the identified TILA disclosures provided to Vallies by Sky Bank. These disclosures were made on Sky Bank letterhead as part of the transaction and identified as TILA disclosures pertaining to the total finance charge.

and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." Vallies, 432 F.3d at 495 (quoting Rossman v. Fleet Bank (R.I.) Nat'l Ass'n., 280 F.3d 384, 389 (3d Cir 2002)).  The TILA and its regulations "reflect Congress' considered deliberation of the best way to ensure protection for and meaningful disclosure to consumers of credit terms and information" and these requirements "exist to protect the consumer at the outset of the relationship, in order to even the often slanted credit and lending playing field." Id.

The statute and its regulations unequivocally place the duty of making all required disclosures squarely on the actual creditor. Id. It may not satisfy this duty by relying on the actions of a third party, even if the third party participated in other aspects of the financial transaction. Id. at 495-96.

In placing the obligation of making all required disclosures clearly on, and only on, the actual creditor, the TILA and its regulations foreclose a creditor from proclaiming compliance with all necessary disclosure requirements by reference to actions presented and completed in the name of third parties. Id. at 495.  Interpreting the TILA's requirements in such a manner would "defeat the plain meaning of the statute" by making the creditor's compliance turn solely on the actual receipt of the required information, no matter how or in what manner it is disclosed to the consumer, an approach that would elevate "form over function" and thwart the goal of providing the consumer with complete disclosures that are as "consistent, ordered and clear" as possible under the circumstances.

They also foreclose the creditor from fulfilling its TILA disclosure requirements in a manner that would not inform the consumer that such information is in fact being disclosed on behalf of the creditor and is being provided as part of the TILA's disclosure requirements.  In this regard the Third Circuit essentially considered and rejected defendant's current position when it explained:

> Sky Bank does not contest the meaning of [the provisions placing the general disclosure requirements on the creditor], but instead argues that the TILA regulation requiring disclosure of voluntary debt cancellation fees, including a GAP waiver, "contains no requirement that the disclosure be in the creditor's name." This assertion is superficially true, as 12 C.F.R. § 226.4(d)(3)(i) states

> only that these charges or premiums may be excluded from the finance charge if, inter alia, "the debt cancellation agreement or coverage is not required by the creditor, and this fact is disclosed in writing." § 226.4(d)(3)(I). But this language, fairly taken with the earlier provisions and the goals of TILA generally, leads us to conclude that the creditor, and the creditor alone, is required to disclose this, and any other, required information. This is so because those provisions of the TILA and its regulations that do address who must make disclosures explicitly and plainly direct the creditor to make all disclosures.

Id. at 495. Thus, whether the disclosure was or was not done in the creditor's "name" is not in itself controlling. Instead, the question is whether the creditor has made the disclosures in a manner that is consistent with and furthers the goals of the TILA and its regulations. Id. at 497.

Against this backdrop it would be a perverse reading of Third Circuit's opinion to conclude that TILA's single creditor disclosure obligation can be satisfied by disclosures made by the creditor's undisclosed agent where the disclosures were not identified as part of the creditor's TILA disclosures and the form of the disclosures did not objectively place the consumer on notice that consideration of the information was essential to gain an accurate and clear understanding of the cost of credit being offered and the contractual relationships to be formed. Such superficial compliance with the "single creditor" rule would undermine the TILA's goal of ensuring meaningful disclosure of credit terms to enable consumers to compare readily the various credit terms available in the marketplace and invite mischief likely to have the opposite effect. Compare Rossman, 280 F.3d at 391 ("The purpose of the disclosures [under Regulation Z] is to present the significant terms of the agreement to the consumer in a consistent manner that is readily seen and easily understood, thereby "enabling consumers to shop around for the best [terms of credit]." ) (citing S.Rep. No. 100-259, at 3, 1988 U.S.C.C.A.N. 3936 at 3938)); Applebaum v. Nissan Motor Acceptance Corp., 226 F.3d 214, 220 (3d Cir. 2000)( To be meaningful TILA disclosures must be reasonably understandable "in light of the inherent difficulty or complexity of the" information disclosed.) See also 15 U.S.C. § 1638(a)(1); Reg. Z § 226.18(a) (For each consumer credit transaction other than an open end credit plan, the creditor is required to disclose " the identity of the creditor required to make disclosure.").

Finally, adopting defendant's contention that key disclosures may be made by an undisclosed agent and in a manner that is not designed to be reasonably understood by the

consumer as comprising part of the mandated TILA disclosures would run counter to the perspective from which the TILA and its regulations are to be construed. "Because the TILA is a remedial consumer protection statute, ... it '[is to] be construed liberally in favor of the consumer.'" Rossman, 280 F.3d at 390 (quoting Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 502 (3d Cir.1998); and citing in support Begala v. PNC Bank, Ohio, N.A., 163 F.3d 948, 950 (6th Cir.1998) ("We have repeatedly stated that TILA is a remedial statute and, therefore, should be given a broad, liberal construction in favor of the consumer."); and Fairley v. Turan-Foley Imps., Inc., 65 F.3d 475, 482 (5th Cir.1995) ("The TILA is to be enforced strictly against creditors and construed liberally in favor of consumers....")). Defendant's position would elevate superficial form over meaningful substance by placing a premium on the creditor's mere substantive compliance as opposed to satisfying the TILA's disclosure requirements in a manner likely to assure the goals of TILA are realized in the marketplace. It follows that defendant may not satisfy the single creditor rule in the manner advocated in its summary judgment motion.

For the foregoing reasons, the court concludes that defendant has not rectified the shortcomings identified by the Third Circuit in Vallies where the consumer is not informed that the information is being supplied on behalf of the creditor as part of the mandated TILA disclosures and the consumer is not objectively made aware that the information must be considered to make the other identified TILA disclosures provided by the creditor complete and accurate. Acknowledging satisfactory disclosure under such circumstances would be analogous to permitting the creditor to claim compliance with the TILA's mandatory disclosure requirements by incorporating disclosed information from a third party and noting that the consumer actually received all of the necessary information. Because such an approach violates the TILA regardless of the ultimate receipt of all necessary information, defendant's motion for summary judgment must be denied.

/s/ DS Cercone
David Stewart Cercone
United States District Judge

cc:  Michael P. Malakoff, Esquire
Malakoff Doyle & Finberg, P.c.
200 Frick Building
437 Grant Street
Pittsburgh, PA 15219

Richard E. Shenkan, Esquire
Virginia Shenkan, Esquire
P. O. Box 1130
New Castle, PA 16103

Alan S. Kaplinsky, Esquire
Carl G. Roberts, Esquire
Jeremy T. Rosenblum, Esquire
Martin C. Bryce, Jr., Esquire
Ballard Spahr Andrews & Ingersoll
1735 Market Street
51st Floor
Philadelphia, PA 19103