IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS R. VALLIES, individually and on behalf of all similarly situated motor vehicle buyers, | : : : : | Civil Action<br><br>No. 01-1438 |
| Plaintiffs, | : : | |
| v. | : : | |
| SKY BANK, an Ohio Bank, licensed to do business in the Commonwealth of Pennsylvania, | : : : : | |
| Defendant. | : | |

### ORDER

AND NOW, this 30th day of November, 2007, upon consideration of the Joint Motion of Plaintiff Louis R. Vallies and Defendant Sky Bank, it is hereby ORDERED that the Joint Motion is GRANTED and it is further ORDERED that:

1. Only as to Plaintiff's claim for statutory damages under the federal Truth-in-Lending Act ("TILA"), the Court certifies a class (the "Class") consisting only of those Pennsylvania residents who between August 2, 2000 and September 21, 2007: (a) purchased GAP waiver coverage in connection with the purchase of a motor vehicle from a motor vehicle dealer located in Pennsylvania; (b) financed the purchase of a motor vehicle and the GAP waiver coverage through a direct loan from Sky Bank subject to TILA; and (c) were provided with GAP disclosures by a third party other than Sky Bank.

2. The Court finds that a class as to Plaintiff's statutory damages claim may be certified under Rule 23(a) of the Federal Rules of Civil Procedure as: (1) the Class consists of over 1,000 persons so that joinder of all members is impracticable, (2) there are questions of law and/or fact common to the Class with respect to whether or not TILA was violated when the Class was provided with GAP disclosures by third parties other than Sky Bank, (3) Plaintiff's statutory damages claim is typical of the claims of the Class, and (4) Plaintiff and his counsel have fairly and adequately represented the interests of the Class. A class as to Plaintiff's statutory damages claim may be certified under

DMEAST #9913619 v5

Rule 23(b)(3) because the questions of law or fact common to the members of the Class with respect to the statutory damages claim predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of Plaintiff's claim for statutory damages.

3. The Court enters judgment in favor of Plaintiff and the Class and against Sky Bank in the amount of $501,000, which consists of $1,000 to Plaintiff and $500,000 to the Class, on the claim for statutory damages under TILA. This judgment will not be entered as a final judgment or otherwise be subject to enforcement until after a final judgment with respect to Plaintiff's claim for actual damages under TILA.

4. Subsequent to a final judgment on Plaintiff's claim for actual damages under TILA, including any appeal with respect thereto, the parties will attempt to resolve Plaintiff's counsel's claim for counsel fees, subject to Court approval. If the parties are unable to resolve this issue, Plaintiff's counsel will file the appropriate application with the Court.

5. Sky Bank will move for summary judgment on Plaintiff's claim for actual damages within thirty (30) days of the entry of this Order. Plaintiff shall file his opposition to Sky Bank's Motion within thirty (30) days of service of Sky Bank's Motion. Sky Bank shall file its reply brief within fifteen (15) days of service of Plaintiff's opposition.

6. All discovery in this matter, including the review of Sky Bank's loan files, shall be stayed until after a final decision on Sky Bank's motion described in paragraph 5 above and any appeal from such order becomes final. The Court's Order entered August 30, 2007 with respect to the review and production of Sky Bank's loan files is VACATED.

7. Notice to the Class, with respect to the certification of the Class, the entry of judgment on the claim for statutory damages and the proceedings on Plaintiff's claim for actual damages and the opportunity to opt out of the class, shall not be issued until after the Court decides whether to grant or deny Sky Bank's Motion for Summary Judgment described in paragraph 5 above and any appeal from such order becomes final and until after this Court determines whether a TILA actual damages class should be certified.

8. Sky Bank will review all of its presently open motor vehicle installment loan files with respect to Pennsylvania residents who entered into a motor vehicle installment loan with Sky Bank during the Class Period solely to determine which borrowers are members of the Class. Sky Bank at its discretion will provide its defense counsel with a list identifying the borrowers who are Class members and other information that is or may become relevant to sending notice to the class and/or calculating actual damages on or before December 15, 2007. After the final resolution of the actual damage/reliance issues, Sky Bank will provide Plaintiff's counsel with a list identifying the borrowers who are members of the Class and, if Plaintiff ultimately prevails on the actual damages issue, such other information that may be relevant with respect to the assessment of actual damages, Plaintiff's counsel will maintain this list in confidence and shall use it for no purpose other than proceedings in this Court.

9. Borrowers who (1) are Pennsylvania residents who entered into motor vehicle installment loans with Sky Bank during the Class Period and (2) whose motor vehicle installment loan files are closed, will be notified by mail by Sky Bank of the judgment referenced in paragraph 3 above. Said notification, the specific form of which will be negotiated between the parties and/or approved (or determined) by the Court, will also inform said borrowers of their opportunity to identify themselves as members of the Class. Borrowers with respect to closed motor vehicle installment loan files who do not identify themselves as members of the Class through the submission of a claim form will not be entitled to any portion of the judgment referenced in paragraph 3 above or any other form of relief. Sky Bank will not be required to conduct any review of its closed motor vehicle installment loan files.

10. Sky Bank will not be obligated to conduct the file review, provide the notice or to satisfy or commence work on any of the other items listed in paragraphs 8 and 9 above until after the Court decides whether to grant or deny Sky Bank's motion for summary judgment described in paragraph 5 above and any appeal from such order becomes final and until after the Court has decided whether to certify a class with respect to Plaintiff's claim for TILA actual damages (and if Vallies or Sky Bank seeks an interlocutory appeal to the Third Circuit of such order and if the Third Circuit permits such an appeal, the Third Circuit decides whether to affirm, reverse or modify the Court's order).

DMEAST #9913619 v5

11. Sky Bank shall be responsible for the costs of the file review referenced in paragraph 8 above. Sky Bank shall also be responsible for the costs of the notice and claim forms referenced in paragraph 9 above.

12. The parties agree that all class notices and claim forms referenced above require Court approval before they are mailed and if the parties are unable to negotiate the form and content of the class notices or claim forms, the unresolved issues will be presented to the District Court for resolution.

13. Sky Bank will separate its currently open borrower files from its closed files no later than December 1, 2007. Ultimately, before Sky Bank closes an open borrower file, it will review that file to determine if the borrower financed GAP insurance and if so, will separate that file for easier access.

BY THE COURT:

*[signature]*

Cercone, J.