**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**LOUIS R. VALLIES,** individually )
and on behalf of all similarly situated )
vehicle buyers, )
         )
         Plaintiffs, )
         )
         v. )        **2:01cv1438**
         )        **Electronic Filing**
**SKY BANK,** an Ohio bank, licensed )
to do business in the Commonwealth )
of Pennsylvania, )
         )
         Defendant. )

## OPINION

Presently before this court is plaintiffs' class counsel's September 19, 2011, Supplemental Declaration for Statutory Attorney's Fees, which has been construed as a supplemental motion for attorney's fees and costs.   See Doc. No.s 179, 180 & 186.   This motion seeks compensation for the additional time and costs expended in preparing the initial petition on fees and costs ("fees-on-fees").   Pursuant to court order, class counsel filed a supporting brief on October 11, 2011, and then substituted his supplemental fees-on-fees submissions with a new brief on October 28, 2011. See Doc. No.s 192, 194.   Therein, class counsel seeks $201,271.50 in additional attorney fees and $19,759.85 in costs.   Class counsel's reply brief in support of fees-on-fees added an additional increase in fees of $31,000, resulting in a grand total of $251,031.35.   See Doc. No. 196.[1]   For the reasons set forth below, the petition for fees-on-fees will be granted in part and denied in part. After making adjustments to the requested amounts to eliminate unreasonable, unnecessary and/or irrelevant expenditures of time and resources and the potential for inefficient/excessive use of time, the court will approve an additional award of $160,979.00 in costs and fees.

---

[1]This amount is independent of the $523,486.17 that was awarded on September 28, 2011, pursuant to plaintiffs' initial petition for attorney fees and costs.

The background and underlying facts of this protracted litigation as they relate to plaintiffs' status as prevailing parties are set forth in the September 28, 2011, Opinion resolving plaintiffs' initial motion for attorney fees, costs and expenses.   See Doc. No.s 188 & 189.   That award considered and resolved a number of contested issues regarding the appropriate recovery of fees and costs.   The troubling adversarial zeal underlying that phase of the litigation continues.

Class counsel's current fees-on-fees request is divided into eight categories that encompass time periods spanning from November 2010 to the present.

Category I includes time spent by class counsel in November of 2010 as part of the underlying litigation and prior to counsel seeking statutory fees and costs.   Class counsel requests compensation for 8.5 hours related to the class action settlement hearing that was not included in the initial fee petition.

Category II covers charges between February 2010 and October 19, 2010, during which class counsel researched and prepared the initial fee petition.   During this phase class counsel selected, contacted, and worked with several local attorneys to determine and garner support for his requested community hourly rate; in doing so class counsel obtained affidavits from seven area counsel frequently involved in or who were familiar with fee petitions.   He also hired an economics expert to attest to non-monetary benefits of litigation, an expert on TILA cases to advocate the necessity and significance of underlying litigation and an additional expert to attest to the reasonableness of the time spent in conducting the litigation.   Class counsel's time logs from this category reflect activities like "fee research", "review re: experts (fee), research", "review and conference with Erin begin (re: experts)", "review, prepare fee declaration", "Fee issues, experts" and so forth.

Category III includes the period from November 2010 through January 2011 when counsel expended time working on defendant's discovery requests pertaining to issues raised by the initial

fee petition.   In addition to the time spent gathering material from three separate law firms, class counsel retained the services of "bit-x-bit, LLC" to search the hard-drives of computers in order to satisfy defendant's ESI-related interrogatories and requests for production.

Category IV encompasses the time and cost expended in court-ordered mediation with neutral Louis Kushner, Esquire.   The mediation was conducted in an effort to resolve the parties' differences reflected in the initial and instant supplemental fee petitions.

Category V encompasses class counsel's preparation of plaintiffs' fee discovery and Category VI includes class counsel's attempt to compel defendant to answer this discovery.

Category VII contains expenses incurred on or after September 15, 2011, which reflects the time spent in preparing the supplemental fees-on-fees request as revised.

The final grouping, Category VIII, is for time after October 11, 2011, which initially was estimated to be ten hours that class counsel anticipated would be spent on the final submissions in reply.   This estimate subsequently was increased to reflect the actual time used to prepare those submissions.

A fees-on-fees award may be necessary to compensate the prevailing party for the cost of obtaining redress.   In this regard the litigants generally are expected to settle their differences without resorting to a second or third round of major litigation.   Notwithstanding this expectation, as Hensley v. Eckerhard, 461 U.S. 424 (1983), recognizes, disputes in this area do arise between the parties which require judicial resolution.

The standards governing an award of fees and costs and the parties' respective burdens are set forth in the September 28, 2011, Opinion.   There, the court canvassed and applied the law governing an award of fees and costs in general as well as where the prevailing party has obtained less than a full recovery on all claims and seeks compensation for tasks or amounts that are challenged on the ground that they were not expended in pursuit of the ultimate result achieved.   It

3

also highlighted and applied the general principles controlling percentage reductions for inadequacies and the lack of meaningful detail in an attorney's time logs.   Those standards are incorporated as if fully set forth herein.

Here, defendant contends that the fees-on-fees requested by class counsel are "outrageously" excessive and unreasonable.   It notes that while class counsel generated a claimed fee award of approximately $700,376.00 over the course of eight years of hard-fought litigation, in a matter of a few months class counsel managed to generate a claimed amount of $226,431.35 in formulating and defending the fee petition.   This amount is purportedly the product of inadequate time documentation, unreasonable and dilatory tactics, and the overworking of the issues surrounding the determination of a reasonable fee.

In its brief in opposition, defendant highlights ten areas where it believes reductions are necessary to reach a reasonable award.   These challenges will be analyzed in conjunction with the segments of time noted above.

First, defendant contends that the effort to recover for the actual time spent in attending the class action settlement hearing should have been included in the initial petition and by failing to do so counsel has waived the right to seek compensation for this time.

The time from Category I is recoverable.   It was the court that segmented the petition into two parts.   Counsel had no notice that such a bifurcation would be utilized and cannot be sanctioned for failing to have every entry perfected at the time of bifurcation.   The time was expended in obtaining relief on Count III and class counsel's time entries are sufficiently specific to permit a determination that the amount of time devoted to the tasks was reasonable.

In conjunction with Category II defendant seeks to eliminate a substantial portion of time devoted to establishing class counsel's hourly rate and all time spent on the retention of and consultation with the experts used to support the initial fee petition.   It seeks to do so on the

grounds that counsel's requested hourly rate was never placed at issue and the retained experts did nothing more than usurp this court's function to evaluate the litigation and determine a reasonable award for fees and costs.

During the initial preparation of the fee petition class counsel obtained declarations from six practicing attorneys in the region and one former judge of this court attesting to the reasonableness of the requested hourly rates.   He also retained and obtained declarations from an economics expert to attest to non-monetary benefits of litigation, a TILA litigation expert to advocate the necessity and significance of underlying litigation and an additional consumer law litigation expert to attest to the reasonableness of the time spent by class counsel in conducting the litigation.

A partial reduction is warranted in Category II.   Defendant did not contest the reasonableness of class counsels' requested hourly rates in its response to plaintiffs' initial petition or at any time thereafter.   Prior to filing the initial petition, class counsel did not consult with opposing counsel about whether defendant would oppose his and the other attorney's requested hourly rates.   Instead, class counsel worked with and obtained the services of eight local attorneys who were in effect presented as "fee" experts and had them submit declarations on the hourly rate – all of which was done without knowing whether there would be a challenge to the requested rates.

Class counsel is not required to be clairvoyant about whether his and Erin Brady's requested hourly rates would be challenged.   And there is a basis to assume that the efforts expended toward establishing and supporting the requested hourly rates contributed to defendant's subsequent decision not to challenge those rates.   Nevertheless, expending the time to work with six local attorneys and a former judge without any indication that the requested rates would be challenged is excessive and beyond what was necessary to make the initial requests.   Class

counsel easily could have picked two or three of the most prominent attorneys to support the initial requests and garnered additional support in the event the purposed rates were challenged by defendant.   A reduction is warranted in light of such an overboard approach.

Defendant's challenge to class counsels' use of fee experts also has partial merit.   Class counsel's retention of Attorney Stuart T. Rossman of the National Consumer Law Center in order to establish that the amount of time billed by class counsel over the course of the litigation fell within the range of reasonableness did not provide helpful expert analysis or other meaningful insight into the issues presented in the fee petition.   The reasonable use of time has long been a central inquiry in the analysis of a fee petition and a matter that is subject to scrutiny by one's opponent and review by the court.   See e.g. Hensley v. Eckarhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) (fee petitions should include definite information as to the hours devoted to the various general activities undertaken and must be specific enough to allow the court to determine if the hours claimed are unreasonable for the work performed).   The calculation is an objective one that seeks to make an initial estimate of the value of a lawyer's services.   Hensley, 461 U.S. at 433.   It is designed to be "readily administrable", produce "objective" results, and permit meaningful judicial review.   Perdue v. Kenny A. ex rel. Winn, __ U.S. __, 130 S. Ct. 1662, 1672 (2012).    It is in effect a generic undertaking in every case that has no unique or specialized application or meaning.

While class counsel no doubt anticipated that the activities undertaken in conjunction with the counts upon which plaintiffs did not prevail would be strenuously attacked, an effort to shield against this attack by having a renowned consumer rights advocate review the litigation as a whole and opine that the time spent was "reasonable" does little to inform the court about where to strike

the proper balance between activities that contributed to the success of the litigation and those that did not.   Such a wholesale review and approach is nothing more than a generalization that is not insightful to the inquiry at hand.   Time and costs spent on such matters are beyond the realm of the sound exercise of "billing judgment."   Cf. Hensley, 461 U.S. 434 ("In the private sector, 'billing judgment' is an important component in fee setting.   It is no less important here.   Hours that are not properly billed to one's *client* also are not properly billed to one's adversary pursuant to statutory authority.") (quoting Copeland v. Marshall, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original)).

In contrast, the use of experts to establish the significance and the non-monetary benefits of the specific success achieved for consumers through the instant litigation provided meaningful information about the nature of the recovery obtained, which information was taken into account in setting the ultimate recoverable fee.   Such information was based on the specifics of the relief obtained and provided expert insight into its meaning and significance in the relevant consumer setting.   It was particular to the litigation and provided opinions about information that would not be readily ascertainable upon general inquiry and review.   Time and costs spent on such matters are within the realm of "billing judgment."

Class counsel's billing entries are not specific enough to permit the court to identify the entries that are subject to reduction in accordance with the above analysis.   The fees generated in retaining all experts between April 25, 2010, and October 19, 2010 (the date the fee petition was filed), amount to 57.75 hours, which at $540 an hour results in $31,185.00.   Class counsel suggested (and calculated) a 15% reduction of this amount, which would reduce the amount to $26,507.25.   A further 25% reduction is warranted because class counsel spent time obtaining the services and declarations from an inordinate number of prominent area attorneys before it was even determined whether the requested rates would be challenged.   Such extensive undertakings

were excessive and unnecessary under the circumstances.   Similarly, class counsel devoted time to the retention of a consumer litigation expert that was unnecessary and beyond the scope of billing judgment.   That expert was one of three experts retained to opine on the efforts expended in the underlying litigation.   An additional 25% produces a further reduction of $7,796 from this category of time.[2]

A reduction also is warranted in Category III.   During the protracted dispute on fees both class counsel and defendant propounded onerous discovery requests.   Plaintiff's efforts in complying with defendant's discovery demands encompassed the time frame between November 2010 and January 2011, during which time class counsel was required to generate numerous records in both hard copy and electronic format.   Class counsel retained the services of bit-x-bit, an endorsed computer firm, to comply with defendant's insistence that all electronic sources be searched and relevant data produced.   The time expended by class counsel to gather the relevant information totaled 55.5 hours.

Defendant seeks a reduction of these hours on the ground that class counsel's poor and vague record-keeping practices necessitated the need for though review.   Class counsel counters that defendant needlessly insisted on exploring all information stored in electronic form even after defendant was advised that the information would be duplicative or cumulative.

The cost of retaining bit-x-bit is compensable because defendant insisted that all such sources be searched and the results examined.   As class counsel points out, defendant specifically requested such material after being made aware of the need to retain expert services to do so and therefore it is reasonable that defendant bear the cost of such charges.

However, class counsel's expenditure of 55.5 hours to obtain such information is

---

[2] Costs in the amount of $1,950.00 for hiring Attorney Rossman of the National Consumer Law Center likewise will not be awarded.

excessive.   Defendant declares it propounded the discovery due to class counsels' inadequate

recordkeeping.   As has been alluded to above and taken into account in arriving at the

appropriate percentage reductions in the initial September 28, 2011, opinion and order on fees,

class counsel's timekeeping records are at best replete with generic entries and frequently vague.

Such practices create an aura of suspicion and provide a legitimate basis for cross-checking the

claimed use of time.   To straddle defendant with the entire cost would be to reward practices

that fall well below the governing standards, see September 28, 2011, Opinion (Doc. No. 188) at

8-9, 11, and sanction the recovery of more than a reasonable fee.   It likewise would create an

incentive for the plaintiffs' bar to withhold information and produce poor quality records.

Accordingly, a reduction of 25% is warranted in Category III to account for unnecessary time

spent in evaluating and responding to discovery requests relating to the activities underlying the

numerous generic and vague entries and producing documents and information in conjunction

therewith.   This results in $7,492.00 reduction.

Defendant also proposes the elimination of counsel's time spent in preparing for and

attending the court-ordered mediation on the grounds that to award recovery for this time would

run counter to public policy and counsel did not participate in the mediation in good faith.   Class

counsel counters that the public policy at issue is plaintiffs' right to recover fees and he engaged

in good faith in an effort to achieve an acceptable outcome.

Defendant's efforts to establish a lack of good faith fall short of the mark.   Defense

counsel highlights several emails to demonstrate that class counsel had no intention to resolve

the fee dispute through mediation.   These submissions can be viewed as stern responses in

support of forceful negotiation and an effort to maintain a position that would not result in a

greater compromise vis-à-vis defendant's willingness to meet plaintiffs' demand.   They thus do

not supply sufficient evidence to support a finding that class counsel acted with bad faith.

Class counsel also correctly notes that strong public policy considerations underlie a prevailing party's entitlement to collect fees, including fees-on-fees.   In Hernandez v. Kalinowski, 146 F.3d 196, 200 (3d. Cir 1998), the court affirmed the principle that fees-on-fees properly are awarded under a fee shifting statute in order to prevent the improper erosion of a prevailing party's right to recover a reasonable fee.   Recovery for time spent perfecting a fee award is within the intent of Congress to permit compensation for all work which is a necessary predicate to obtaining a reasonable fee for successful claims.   Id.; accord Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978) ("Indeed, courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee, i.e., for time spent on the fee application and successful fee appeals.").   Recovery for time spent in pursuit of a successful fee promotes the underlying congressional policy behind fee shifting statutes by encouraging attorneys to pursue well-grounded claims seeking to vindicate established congressional policies.   Prandini, 585 F.2d at 53 (denial of a fees-on-fees recovery would run counter to "the purpose behind most statutory fee authorizations, viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.").   It also serves the salutary purposes of discouraging the creation of further litigation over fees that are rightfully owed merely to avoid paying a fee until ordered to do so and encouraging parties to settle fee disputes without resort to trench warfare. Hernandez, 146 F.3d at 200 (citing Hensley, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation.   Ideally, of course, litigants will settle the amount of a fee.").

Class counsel's time spent in pursuit of mediating the parties' fee dispute is beyond the scope of the statute and underlying public policy considerations under the specific circumstances. Several factors and principles inform this determination.

First, while class counsel did express some reluctance about attempting to mediate the dispute and reservations about the ability of the parties to settle their differences through the process, no formal objection to the court's suggestion of mediation was filed by either party. Thus, it was not a forced or compelled proceeding.

Second, each party was given a hiatus from having to further expend efforts toward adjudicating the fee petition while they explored whether the dispute could be resolved through mediation.  See Order of April 8, 2011 (Doc. No. 162) (continuing all filing and other deadlines until further order of court while the parties pursued mediation).   Under these circumstances nothing done during this time was essential or necessary to perfecting an award of fees.

Third, parties pursue mediation for reasons that are distinct from adjudication. Adjudication reflects an outcome that is rendered by the tribunal after proper development of the record.   It is beyond the control of either party and reflects the independent determination by a judge, arbitrator or special master.

In contrast, mediation permits the parties to have input in to and exercise control over the decisionmaking process that leads to the resolution of their dispute.   It is an agreement reached by mutual consensus after discussion between the parties in the presence of a neutral individual skilled in fostering facilitative communication and conflict resolution.   It often leads to a quicker resolution of the parties' dispute and permits a more timely recovery for the aggrieved party.

Class counsel recognized the significance in having input into the resolution of the parties' fee dispute.   He spent over 32.5 hours in preparing for, attending and following up with the mediation.   Of this, at least 12.5 hours were spent reviewing the record and engaging in other related activities in preparation for the mediation between March 29, 2011, and June 13, 2011. No new information was available to either party at that time and the issues before the court already had been fully reviewed and briefed.   Class counsel spent part of his time creating charts

and graphs for use during the mediation.   He spent 7 hours attending the mediation and 9.25 hours

attempting to bring the matter to resolution after the mediation.   Although this time assertedly was

well spent and was generated in an effort to resolve the parties' dispute, it was not time expended

that was essential to perfecting a fee recovery.   It did not contribute to the recovery of a fee award

through adjudication.

Finally, making an award for time spent in carrying out a voluntary decision to pursue

mediation would run counter to the policies underlying fee awards.   It would create a

counter-incentive for prevailing party counsel to "pad" a contested fee petition and to be less than

fully committed and genuine in pursuing an alternative form of dispute resolution.   Recovery for

such efforts effectively would amount to awarding a windfall, which is a result Congress sought to

avoid.   See Student Pub. Interest Research Group of New Jersey, Inc. v. AT & T Bell

Laboratories, 842 F.2d 1436, 1448 (3d Cir. 1988) ("The purpose of the fee shifting statutes is to

provide reasonable fees, which at one point the Senate Report defined as "adequate to attract

competent counsel, but which do not produce windfalls to attorneys.") (citing Senate Report at 6,

U.S. Code Cong. & Admin. News 1976, p. 5913 and Pennsylvania v. Delaware Valley Citizens'

Council for Clean Air, 483 U.S. 711, 731-34 (1987) (O'Connor, J., concurring) (emphasizing that

the essential focus of attorneys' fees awards must be on attracting adequate counsel); Pennsylvania

v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 ("[t]hese [fee shifting]

statutes were not designed as a form of economic relief to improve the financial lot of attorneys,

nor were they intended to replicate exactly the fee an attorney could earn through a private fee

arrangement with his client")).

In short, class counsel's time spent toward and in mediating the fee dispute was not

essential or necessary to perfecting an adjudication of the fee petition and a full recovery of a

rightfully owed fee award.   It was expended voluntarily in an effort to reach a resolution through

discussion and compromise.   Permitting a party to shift the cost of such efforts to its adversary is

beyond the purposes and public policies underlying fee shifting statues such as the one in question.

Consequently, class counsel's time devoted to mediation will be excluded from the court's

adjudication of a reasonable fee award.[3]   This results in a $17,550.00 reduction in Category IV.

Costs paid for the mediation in the amount $3,075.00 ($1,950.00 on 6/16/11 and $1,125.00 on

7/29/11) will be excluded for the same reasons.

Class counsel concedes that the court found plaintiffs' reciprocal discovery to be

irrelevant.   See Memorandum Order of September 7, 2011 (Doc. No. 178).   He nevertheless

asserts that nominal payment for the time expended should be awarded.   Consequently, he made

a voluntarily 50% reduction for Category V and a 75% reduction for Category VI and requests

the respective remaining amounts of $9,990.00 and $6,750.00.

Class counsel aptly recognizes that "under the now existing 'law of the case,' no time

should be awarded for these time expenditures."   We agree.   Consequently, no time will be

awarded for these categories.

Class counsel requests 56.25 hours for preparing the supplemental declarations and

briefs submitted in support of the instant motion for fees-on-fees.   He voluntarily made a 15%

reduction.   Given the nature of the task under consideration, the record sufficiently is specific

---

[3] Class counsel's efforts in exploring the use of a special master with opposing counsel suffer from
the same shortcomings.   The court made clear from the time the idea of mediation was first raised
with counsel that it was more than willing to adjudicate the fee petition.   The use of a special
master was never raised by or with the court and it is difficult to conceive how the current dispute
would fall within the court's limited discretion to commit matters to a special master under Rule 53
without the full consent of the parties.   See Fed. R. Civ. P. 53; Prudential Ins. Co. of America v.
U.S. Gypsum Co., 991 F.2d 1080, 1083-88 (3d Cir. 1993) (discussing guideposts bearing on the
employment of special masters and issuing a writ of mandamus directing the district court to
withdraw and vacate its reference to the special master).   Merely asking opposing counsel to
consent to commit a dispute to a special master is neither essential and necessary to the recovery of
a reasonable fee on a successful claim nor needed to foster prompt resolution of fee disputes and
prevent erosion of an earned right to recover fees.

enough to identify the activities and the time spent in conjunction therewith.   Furthermore, the undertakings in question were essential and necessary to the recovery of a reasonable fee award and the policy considerations highlighted in Hernandez counsel against the dramatic reduction defendant requests in this category.   See Hernandez, 146 F.3d at 200 (noting the need to avoid creating incentives that would encourage "further litigation over fees that [are] rightfully owe to plaintiffs" and discouraging the parties "from settling such matters amongst themselves.").   As a result, the fees as requested in Category VII will be awarded.[4]

Defendant contends that class counsel's request for "future fees" is not compensable and notes that plaintiffs have provided no factual or legal justification for this award.   In response, class counsel does not identify any authority explicitly authorizing such an award but does increase the requested amount by $31,000.00 to account for the time class counsel claims he actually had to spend in replying to defendant's objections.

Class counsel has failed to submit any time logs or specific itemizations as to this initially estimated time, which now appears to have ripened into actual time.   The record fails to identify

---

[4] This is not to say that every aspect of class counsel's submissions were accurate and well taken. For example, counsel's lengthy reliance on Fox v. Vice, 131 S. Ct. 2205 (2011), is unnecessary and unhelpful to perfecting the requested award.   There, the Court reiterated the standards for awarding fees in partially successful cases.   However, the facts and policies at issue were markedly different.   In Fox, the prevailing party was the defendant.   The plaintiff had filed frivolous and non-frivolous claims against the defendant.   The policy considerations under consideration were centered around a defendant's right to be compensated for time spent on frivolous causes of action.   They also included consideration of the outcome as a whole, which included non-frivolous causes of action.   The Court applied the "but-for" test, which then permitted the recovery of reasonable fees to the defendant only for the costs that would not have been incurred but for the frivolous claims.   It further observed that the defendant would have had to do much of the same work even if the frivolous claim had not brought, and therefore the judgment of the court of appeals had to be vacated and the case remanded for further proceedings.   Id. at 2218.

Notwithstanding class counsel's unnecessary foray into this arena, the requested amount in Category VII has been awarded because within this category the submissions as a whole are germane to perfecting a rightfully owed recovery and a reduction is not appropriate merely because some of class counsel's arguments are unpersuasive.

any activity that could be attributable to this time except class counsel's response and reply brief to defendant's opposition.[5]   The amount initially sought for this activity is $5,400.00, which has been increased by $31,000.00 for a total of $36,400.00.   Class counsel reduced his total time by 15% to arrive at the $31,000.00 increase.   At $540 an hour, class counsel appears to be claiming that he spent over 67.4 hours preparing and submitting a response and reply brief to defendant's submissions in opposition.

As was noted in this court's initial opinion on fees, a fee petition is required to be specific enough to allow the court "to determine if the hours claimed are reasonable for the work performed."   Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir. 1983); Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir.1990.   "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."   Hensley, 461 U.S. at 433.   Because class counsel failed to submit any itemization, description or allocation of the time actually spent in responding to defendant's objections, a reduction to this component of the request is warranted.

Where the prevailing party's counsel has failed to maintain and/or submit adequate records and information to assess the propriety of an award, the court may use any reliable information available to make a reasonable estimate of the time devoted to the task in question.   See Opinion of September 28, 2011 (Doc. No. 188) at 11 (collecting cases in support).   The only reliable source of information is class counsel's submissions in reply, specifically plaintiffs' reply brief of November 14, 2011 (Doc. No. 196) and class counsel's declaration of the same date with accompanying exhibits (Doc. No. 197).

An estimate of the reasonable amount of time experienced senior counsel of class counsel's

---

[5] Class counsel submitted a response to the Defendant's opposition on November 11, 2011, in which they indicated the time consumed exceeded the ten hour allotment originally estimated due to the fact that defendant's opposition brief was twenty-seven pages and raised a myriad of challenges.

experience should spend in producing such submissions necessarily must be made with recognition that (1) it was class counsel's obligation to submit sufficient supporting documentation in support of the award and (2) the failure to submit such information effectively has precluded defendant from being heard on this discrete issue/matter.   In light of the above and after a thorough review of class counsel's work product, a reasonable estimate of 20 hours will be awarded for this component of the fees-on-fees award.   This results in a reduction of $20,200.00 from this category (20 x $540 = $10,800; $31,000 - $20,200 = $10,800).

Defendant requests an overall blanket reduction of 30% to account for what it characterizes as extremely vague and deficient time records submitted in conjunction with plaintiffs' fees-on-fees motion.   While the instant records are not an improvement over those submitted in conjunction with the initial fee petition and certainly are not a model of clarity and detail, and thus are subject to a reduction because they cannot be scrutinized carefully with regard to the use of time in relation to the specifics of the tasks accomplished, they are sufficient enough to permit the court to gain a general understanding of the tasks undertaken and the time allotted to them.   For this reason, the substantial blanket reduction sought by defendant is not warranted.   Nevertheless, a 10% reduction is appropriate to reduce what appears to be an inefficient/excessive use of time in preparing for and generating the submissions during this phase of the litigation and the inability to monitor those efforts and submissions for specific instances of excessive time in conjunction with the particular tasks accomplished.[6]

For the aforementioned reasons, plaintiffs' motion for fees-on-fees will be granted as follows:

Total Amount of Fees Requested:                                    $232,271.50

---

[6] This reduction is separate from those made above for unreasonable, unnecessary and/or irrelevant expenditures of time and resources.

Less amount deducted from Category I:                $0

Less amount deducted from Category II:               $7,796.00

Less amount deducted from Category III:              $7,492.00

Less amount deducted from Category IV:               $17,550.00

Less amount deducted from Category V:                $9,990.00

Less amount deducted from Category VI:               $6,750.00

Less amount deducted from Category VII:              $20,200.00

Subtotal of Compensable Fees                                              $162,493.50

Less 10% Blanket Reduction:                $16,249.35

Total Fees Awarded:                                                                $146,244.15

Total Costs Requested:                                                    $19,759.85

Less amount paid to Attorney Rossman – NCLC:    $1,950.00

Less amount paid for mediation:            $3,075.00

Total Costs Awarded:                                                              $14,734.85

Total Award:                                                                          $160,979.00

The motion will be denied in all other aspects.   Accordingly, the judgment will be amended to

include an additional award of $146,244.12 in fees and $14,734.85 in costs.   An appropriate

order will follow.

Date: June 18, 2012

                                          s/David Stewart Cercone
                                          David Stewart Cercone
                                          United States District Judge

cc:   Michael P. Malakoff, Esquire
       Richard E. Shenkan, Esquire
       Virginia Shenkan, Esquire
       Alan S. Kaplinsky, Esquire
       Carl G. Roberts, Esquire
       Jeremy T. Rosenblum, Esquire
       Martin C. Bryce, Jr., Esquire

       (*Via CM/ECF Electronic Mail*)